```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

                    Plaintiff,
                                              ORDER
        - against -
                                              CV 2004-1105 (SJ)(MDG)

U.S. CURRENCY IN THE SUM OF EIGHTY
THOUSAND DOLLARS ETC.,

                    Defendant.

- - - - - - - - - - - - - - - - - - - X
```

By letter dated August 8, 2005, Luis Rafael Rivera, counsel for claimant Miguel Hernandez, seeks a stay pending determination of a motion to dismiss. The letter was not filed electronically, as required by this Court, and does not indicate that a copy was sent to counsel for plaintiff. Nonetheless, this Court will address the letter because there has already been considerable delay in this case and because counsel, who was admitted pro hac vice, has consistently demonstrated, at best, an unfamiliarity, with the practices of this Court. However, Mr. Rivera is warned no further submissions will be accepted if not filed electronically and not in compliance with all applicable rules, including local rules.

## BACKGROUND

The past events in this case provide important context for consideration of the claimant's motion. After the plaintiff commenced this forfeiture action, the claimant filed an answer

which was docketed by the Clerk of the Court on July 6, 2004.[1] Claimant submitted to the Clerk of this Court on August 9, 2004 a document entitled "Motion and Incorporated Memorandum of Law to Dismiss in Rem Complaint" dated July 16, 2004. (Ct. doc. 8). In his "motion," the claimant argued that the forfeiture complaint failed to state a claim and the supporting affidavit failed to establish probable cause. Id.

Claimant then electronically filed his answer on August 20, 2004 and attached to that filing, inter alia, a "Supplement Motion to Dismiss" (attachment 4) and a "Second Motion to Dismiss Forfeiture" (attachment 5). Ct. doc. 7. The "Supplement Motion" is identical to the motion to dismiss filed on August 9, 2004. Compare ct. doc. 8 with ct. doc. 7, attach. 4. At a conference on September 17, 2004, this Court discussed the claimant's filings and advised that Judge Johnson requires a pre-motion conference with respect to any contemplated motion for summary judgment. See minute entry dated 9/17/04. I deemed claimant's submissions as requests for a pre-motion conference and directed the government to respond. Id. After the government filed a response (ct. doc 10), claimant replied by letter dated October 4, 2004, which was faxed to my chambers but not filed with the Court.

At a conference on October 6, 2004, this Court conducted a pre-motion conference discussing the issues raised in the

---

[1] Claimant did not file the answer electronically, as required by Judge Johnson's rules in effect at the time. By Administrative Order 04-08, the Board of Judges made electronic case filing mandatory in almost all civil cases, except for pro se cases, beginning August 2, 2004.

-2-

submissions by both sides.  See ct. doc. 11.  I asked claimant's counsel to reconsider the merits of his contemplated motions in light of the discussion but set a deadline of October 26, 2004 for filing the motions should claimant still wish to proceed. Id.  Noting that discovery would not be stayed pending determination of any motion filed, I also directed claimant to respond to outstanding discovery requests by November 8, 2004. Id.  By order dated January 4, 2005, Judge Johnson noted that any motion to dismiss is denied for failure to comply with my scheduling order.  Ct. doc. 13.

In the meanwhile, the parties engaged in discovery.  By letter motion filed on February 4, 2005, plaintiff moved to compel claimant to comply more fully with discovery requests. Ct. doc. 14.  When no opposition was received, by endorsed order electronically filed on February 21, 2005, this Court granted the motion, directed that responses be provided by March 8, 2005 and sanctioned claimant $100.  After claimant failed to provide the discovery ordered, counsel for plaintiff then sought by letter application to dismiss claimant's claim.  Ct. doc. 16.  Treating the letter as an application for discovery sanctions, this Court by endorsed order dated April 21, 2005 set a new deadline for claimant to provide the discovery response and further sanctioned claimant.

By letter dated May 17, 2005, the plaintiff again sought dismissal due to the claimant's failure to comply.  At a conference on June 1, 2005, counsel for the claimant advised that he had not been able to communicate with his client and sought to

withdraw.  <u>See</u> Minute Entry for 6/01/05 conference.  This Court directed counsel to file a formal motion to withdraw.  <u>Id.</u> Claimant's counsel did not file a motion, triggering a further application by plaintiff's counsel for dismissal.  Ct. doc. 18. At a conference on June 29, 2005, claimant's counsel stated that he had reached his client's brother, who advised that the client was out of the country, but would be returning soon.  At a conference on July 11, 2005, counsel advised he had not been able to communicate with his client and would be moving to withdraw.

Rather than moving to withdraw, counsel sent the August 8, 2005 letter requesting a stay of discovery pending determination of his client's motion to dismiss dated July 16, 2004.

## DISCUSSION

A party seeking a stay of discovery pursuant to Fed. R. Civ. P. 26(c) bears the burden of showing good cause.  <u>Spencer Trask Software & Info. Servcs., LLC v. Post Int'l Ltd.</u>, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).  A court determining whether to grant a stay of discovery pending a motion must look to the "particular circumstances and posture of each case."  <u>Hachette Distribution, Inc. v. Hudson County News. Co.</u>, 136 F.R.D. 356, 358 (E.D.N.Y. 1991).

First, this Court addresses the issue whether there are any motions are pending.  At the conference on September 17, 2004, this Court noted that the claimant had filed his "motions" in contravention of Judge Johnson's chambers rules.  These rules specify that a party seeking to move for summary judgment must first seek a pre-motion conference with him or the assigned

-4-

magistrate judge by sending a letter setting forth the basis for the motion. Since the claimant's sparse submissions did not meet either the requirements of Rule 56 of the Federal Rules of Civil Procedure or this Court's Local Civil Rules,[2] I treated the "motion" papers as requests for a pre-motion conference and discussed the substance of the submissions. See Minute Entry for 10/06/04. Expressing skepticism over the merits of his legal arguments and the claimant's failure to comply with Rule 56(e) of the Federal Rules of Civil Procedure and Local Civil Rule 56.1(a), I nonetheless set a motion schedule after sternly warning counsel to consider my comments before making any motion. See Eisemann v. Greene, 204 F.3d 393, 397 (2d Cir. 2000) (holding that district courts may require a pre-motion conference before a motion may be made, but may not ultimately prevent the filing of the motion).

When claimant did not file a motion by the deadline set, this Court assumed that the claimant's counsel had heeded the warning. Judge Johnson accordingly issued his order on January 4, 2005. See Julian v. Equifax Check Serv., Inc., 178 F.R.D. 10,

---

[2] With respect to each motion, Claimant simply filed one document denominated as a motion which contained a section called "memorandum of law." See ct. doc. 7, attachments 4 and 5; ct. doc. 8. In his "Second Motion to Dismiss Forfeiture," claimant sets forth a chronology of events and attaches documents in support. Ct. doc., attach. 5. He did not file a notice of motion with respect to any of his motions, as required by Local Civil Rule 6.1 (requiring service of a notice of motion). Nor did he submit "a separate, short and concise statement, *in numbered paragraphs*, of the material facts as to which the moving party contends there is no genuine issue to be tried" in accordance with Local Civil Rule 56.1(a).

15 (D. Conn. 1998) (party filing summary judgment motion subject to deadlines set by the court).

The claimant's first motion to dismiss dated July 16, 2004 (ct. doc. 7), which challenges the sufficiency of the pleadings, would ordinarily not be subject to Judge Johnson's requirement for a pre-motion conference and was not expressly mentioned in the minute entry for the October 6, 2004. This Court did not refer to this motion because it is identical to the "Supplement Motion to Dismiss" included as attachment 4 to the Answer. These identical motions were discussed at the conference and the reference only to the Supplement Motion in the minute entry was an oversight. The deadline set was intended to cover both motions, as well as the "Second Motion." As reflected in the minute entry, this Court held the conference, in part, "for the purpose of persuading [the claimant] not to file a perceived meritless motion." Milltex Indus. Corp. v. Jacquartd Lace Co., 55 F.3d 34, 39 (2d Cir. 1995). The claimant did not in any way indicate after the conference on October 6, 2004 that he wished to pursue any of his motions, until the most recent letter.

In any event, in setting the motion schedule at the October 6, 2004 conference, this Court already ruled that no stay of discovery is warranted. The pendency of a dispositive motion is not, in itself, an automatic ground for a stay. Spencer, 206 F.R.D. at 268. Rather, the Court should consider a variety of factors, including whether the motion to dismiss has substantial grounds, Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 211 (S.D.N.Y. 1991); "the type of motion and whether

it is a challenge as a 'matter of law' or to the 'sufficiency' of the allegations; the nature and complexity of the action; ... the posture or stage of the litigation; [and] the expected extent of discovery...."  Hachette, 136 F.R.D. at 358.

This Court refused to stay discovery because of doubt over whether any of the motions were based on substantial grounds or appropriate before completion of discovery.  Undermining claimant's argument that the forfeiture complaint fails to state a claim is the fact that Judge Johnson has found otherwise.  In the warrant of arrest in rem of the defendant funds, Judge Johnson found that "there is probable cause to believe that the defendant funds so described constitutes funds that are subject to forfeiture pursuant to 21 U.S.C. § 881, and that grounds for issuance of a warrant of arrest for articles in rem exist, pursuant to Supplemental Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims[.]"  (Ct. doc. 2).  As the Advisory Committee noted:

> Rule 3(C) has been amended to provide for judicial scrutiny before issuance of any warrant of arrest. ...
> The rule envisions that the order will issue upon a prima facie showing that the plaintiff has an action in rem against the defendant in the amount sued for and that the property is within the district...."

Supp. Rules for Certain Admiralty and Maritime Claims, Advisory Committee Notes, 1985 Amendment, Rule 3.

Likewise, claimant's argument on statute of limitations grounds raised in his "Second Motion" appears to rest on disputed facts, if not sound legal ground.  Claimant also has not set forth a statement of undisputed facts, which, in itself "may

constitute grounds for denial of the motion." Local Civil Rule 56.1(a).

The letter of Mr. Rivera follows a period of delay caused by his client's failure to respond to discovery requests and this Court's orders to produce discovery. Now that the client has re-established communications with counsel, there is no further reason for delay in providing discovery. The claimant is given a <u>final</u> opportunity to provide by September 7, 2005 the discovery ordered. If he fails to do so, this Court <u>will</u> recommend to Judge Johnson that his answer and claim be stricken, as a discovery sanction.

Discovery is extended to October 24, 2005.

## **CONCLUSION**

For the foregoing reasons, claimant's motion for a stay is denied. If claimant insists on pursuing his motion to dismiss, he may do so, but must electronically file the motion by September 20, 2005. Any such motion must be filed in accordance with the applicable Local Civil Rules, which includes the filing of a Notice of Motion. However, this Court again warns claimant's counsel to consider the comments above regarding the substantiality of any motion to dismiss. The Court may impose sanctions pursuant to Rule 11(c)(1)(B) of the Federal Rules of Civil Procedure counsel if the Court finds that the motion violates Rule 11(b).

A conference will be held October 25, 2005 at 2:00 p.m. Should claimant seek to file a motion for summary judgment, a pre-motion letter may be filed after the close of discovery. The

schedule for the filing of pre-motion letters will be set at the October 25th conference.

**SO ORDERED.**

Dated:    Brooklyn, New York
           August 17, 2005

                                      /s/_____
                                      MARILYN D. GO
                                      UNITED STATES MAGISTRATE JUDGE